ERIN E. SCHNEIDER (Cal. Bar No. 216114)
MONIQUE WINKLER (Cal. Bar No. 213031)
 winklerm@sec.gov
SHEILA O'CALLAGHAN (Cal. Bar No. 131032)
 ocallaghans@sec.gov
BERNARD B. SMYTH (Cal. Bar No. 217741)
 smythb@sec.gov
SALLIE S. KIM (Cal. Bar No. 298658)
 kimsal@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KEITH SPRINGER and<br>SPRINGER INVESTMENT MANAGEMENT,<br>INC. DBA SPRINGER FINANCIAL ADVISORS,<br><br>Defendants. | Case No. 2:19-CV-02559-WBS-EFB<br><br>**FINAL JUDGMENT AS TO DEFENDANT KEITH SPRINGER** |

The Securities and Exchange Commission having filed a Complaint and Defendant Keith Springer having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) & (4)], and Rules 206(4)-1(a)(5) and 7 thereunder [17 C.F.R. 275.206(4)-1(a)(5) and 7], by, directly or indirectly, by the use of any means or instrumentality of interstate commerce:

(a) employing any device, scheme, or artifice to defraud any client or prospective client;

(b) engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client;

(c) engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

(d) while acting as an investment adviser:

    1. publishing, circulating, or distributing any advertisement which contains any untrue statement of material fact or which is otherwise false or misleading; or

    2. failing to adopt and implement written policies and procedures reasonably designed to prevent violation of the Advisers Act and the rules promulgated thereunder, including reviewing, no less frequently than annually, the adequacy of those policies and procedures and the effectiveness of their implementation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 204 of the Advisers Act [15 U.S.C. § 80b-4], and Rules 204-1, 2 and 3 thereunder [17 C.F.R. 275.204-1, 2 and 3], by, directly or indirectly, by the use of any means or instrumentality of interstate commerce:

(a) failing to amend its Form ADV annually or promptly whenever any information in it becomes materially inaccurate;

(b) failing to make and keep true, accurate, and current books and records relating to its investment advisory business that the SEC has prescribed as necessary or appropriate in the public interest or for the protection of investors;

(c) failing to deliver a current Form ADV Part 2A (or its equivalent) to each client or prospective client "before or at the time" the adviser enters into an investment advisory contract with that client; or

(d) failing, if there are material changes in the Form ADV Part 2A, to annually deliver a current Form ADV Part 2A (or its equivalent) or a summary of the material changes.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by, directly or indirectly, willfully making any untrue statement of material fact in any registration application or report filed with the Commission under Section 203 or 204 of the Advisers Act, or willfully omitting to state in any such application or report any material fact which is required to be stated therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable, jointly and severally with Defendant Springer Investment Management, Inc. for civil penalties in the amount of $400,000 to the Securities and Exchange Commission pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph V below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Keith Springer as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and by moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

V.

Defendant shall pay the penalties due of $400,000 to the Commission according to the following schedule: (1) $160,000 within 10 days of entry of this Final Judgment; (2) $240,000 within 360 days of the entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  September 2, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE